OPINION
{¶ 1} Wendell L. Cruse is appealing from the granting of summary judgment on behalf of his former attorney, Steven A. Larson, in the professional negligence case Mr. Cruse filed. He assigns three errors for our consideration:
 [I.] THE TRIAL COURT ABUSED IT'S DISCRETION WHEN IT ALLOWED THE DEFENDANT-APPELLEE TO FILE AN ANSWER TO THE COMPLAINT 19 MONTHS OUT OF RULE WITHOUT A VALID SHOWING OF EXCUSABLE NEGLECT AND WITHOUT REQUIRING A VALID AFFIDAVIT. *Page 2 
 [II] THE TRIAL COURT ERRED GRANTING SUMMARY JUDGMENT TO THE DEFENDANT-APPELLEE, AS THERE EXISTED A GENYINE ISSUE OF MATERIAL FACT AS TO WHEN THE CONITIVE EVENT OCCURRED THAT ALERTED APPELLANT TO HIS ATTORNEY'S IMPROPER ACT.
 [III] THE TRIAL COURT ERRED WHEN IT RULED THAT THE DEFENDANT-APPELLEE WAS AN EMPLOYEE OF THE FRANKLIN COUNTY COURT OF COMMON PLEAS AND THEREFORE, R.C. 2969.21-22 WAS APPLICABLE TO APPELLANT'S MALPRACTICE ACTION.
 {¶ 2} On November 19, 2003, Wendell Cruse, then an inmate at Noble Correctional Institution, filed a lawsuit in which he alleged Steven Larson, his court-appointed attorney, had been guilty of professional negligence in his representation of Cruse in four robbery charges. Cruse alleged that Larson encouraged him to plead guilty to two of the robbery charges with a promise that Cruse would receive a sentence of only two years of incarceration. In fact, when Cruse was sentenced on April 23, 2001, he received a total of seven years of incarceration.
 {¶ 3} Cruse later filed a motion to set aside his guilty plea which resulted in an evidentiary hearing in December 2002 at which Larson was a witness. Larson denied making the promise Cruse alleged, as Larson had done earlier at Cruse's sentencing hearing.
 {¶ 4} Cruse sent service of process on the complaint to an office building in Columbus and someone other than Larson signed for the certified mail on December 5, 2003. Larson subsequently filed an affidavit with the court in which he alleged that he *Page 3 
never received a copy of the complaint, apparently because he never maintained a residence or a business at that location.
 {¶ 5} In July 2005, Larson filed a motion requesting leave to file an answer to the complaint instanter. The trial court granted the motion.
 {¶ 6} In the answer, among other defenses, Larson alleged that the lawsuit was barred because Cruse had failed to file suit within the one year period permitted by the statute of limitation, R.C. 2305.11(A).
 {¶ 7} Larson filed a motion seeking summary judgment because of the delay in the filing of the lawsuit by Cruse. Cruse responded with an affidavit in which he alleged that he had only become aware that Larson had made a misrepresentation about the sentence when the evidentiary hearing occurred in December 2002 — not when Cruse received the sentence of seven years in April 2001. However, as noted earlier, part of the record is an excerpt from the April 2001 sentencing hearing during which Cruse was already claiming that Larson had promised him a sentence near the minimum, not the seven years of incarceration Cruse actually received and Larson denied on the record that he had made such a promise.
 {¶ 8} The trial court in the professional negligence case granted summary judgment for Larson.
 {¶ 9} With the above factual background, we turn to the merits of the three listed assignments of error.
 {¶ 10} As to the first assignment of error, complaining about the delay in the filing of Larson's answer, the trial court did not abuse its discretion when the trial court granted *Page 4 
Larson leave to file an answer instanter. A proper affidavit is in the record indicating the fact that Cruse did not obtain valid service of process on Larson. Until valid service was obtained, Larson was not obligated to move or plead. The trial court acted well within its discretion to handle the matter by allowing Larson to file an answer after Larson actually became aware of the lawsuit and waived service of process.
 {¶ 11} The first assignment of error is overruled.
 {¶ 12} In the second assignment of error, Cruse alleges that even though he did not file the professional negligence claim until two and one-half years after his sentencing, his lawsuit was timely filed.
 {¶ 13} As a court appointed attorney, Larson's role as counsel for Cruse ended at the time of sentencing. At the sentencing hearing, Cruse was already accusing Larson of lying to him in order to obtain a guilty plea. The cognizable event which started the running of the statute of limitations was the sentence received and the claim in the record that Cruse's attorney had lied to him. The statute of limitations had run over one and one-half years before the filing of the lawsuit. The trial court clearly understood this and clearly made a correct ruling on the motion for summary judgment.
 {¶ 14} The second assignment of error is overruled.
 {¶ 15} In the third assignment of error, Cruse complains that Larson should not have been treated as a government employee for purposes of R.C. 2969.21 and 2969.22. This issue is complicated. Appointed counsel are chosen by a government agent (a judge) and paid by a government entity (the county or a public defender's office). Still, appointed counsel are expected to provide independent judgment and advice to their *Page 5 
clients, regardless of the desires of the judge who appointed them or the entity which pays them.
 {¶ 16} The definition to be applied in this context is R.C.2969.21(C), "employee," which reads:
 "Employee" means an officer or employee of the state or of a political subdivision who is acting under color of state law.
 {¶ 17} To date, employees have been found to include prosecutors and judges. The issue of whether or not public defenders and/or court appointed attorneys are government employees for purposes of R.C.2969.21 to 2969.27 has not been clearly decided by the Supreme Court of Ohio to this point. The closest comparable caselaw is in the context of Section 1983, Title 42, U.S. Code civil suits, where generally criminal defense counsel are not considered to be state agents for purposes of civil rights actions. See, for instance, Georgia v. McCollum (1992),505 U.S. 42, 112 S.Ct. 2348; Polk County v. Dodson (1981), 454 U.S. 321,102 S.Ct. 445; and United States v. Friedman (C.A.6, 1993), 7 F.3d 235.
 {¶ 18} Since public defenders and court-appointed counsel are not generally viewed as engaging in state action within their court responsibilities, we are unwilling to extend the prohibition of R.C.2969.21 through 2969.27 to them. This means that persons suing court-appointed counsel for professional negligence do not have to comply with R.C. 2969.21 through 2969.27. We therefore sustain the third assignment of error insofar as it addresses the applicability of R.C.2969.21 through 2969.27 to this case. However, our finding does not affect the amount of the costs assessed in the trial court. *Page 6 
This case is therefore remanded to the trial court solely for the purpose of determining if Wendell Cruse is, for some reason, not required to pay court costs for pursuing this case.
 {¶ 19} In summary, we overrule the first and second assignments of error. We sustain the third assignment of error. We remand this case for further proceedings consistent with this opinion.
Judgment affirmed in part and reversed in part for further proceedingsconsistent with this opinion.
 BRYANT and KLATT, JJ., concur. *Page 1